## GEORGE H. KINSLEY *vs.* JAMES AMES.

After a sale of mortgaged premises by the mortgagee or his assigns, pursuant to a power of sale contained in the mortgage deed, the mortgagor's right and interest are wholly devested, and if he thereafter remain in possession, he is a tenant at sufferance.

A tenant at sufferance is not, by the Rev. Sts. *c*. 60, § 26, entitled to notice to quit; and if he hold possession unlawfully by force, he is immediately liable to the process prescribed by Rev. Sts. *c*. 104, § 4.

THIS was an action on the Rev. Sts. *c*. 104, §§ 2, 4, to recover possession of premises alleged to be held by the defendant unlawfully and by force, and was submitted to the court on the following facts :

The defendant conveyed the demanded premises, with other real estate, to Dan Wilmarth, by deed of mortgage, dated September 1st, 1837, which deed authorized said Wilmarth, or his assigns, to sell so much of the estate therein described as might be necessary to pay the debt intended to be secured thereby, and absolutely convey the same to the purchaser, provided the defendant should not pay the debt in three months from the date of said deed. Wilmarth assigned the mortgage and debt to Cyrus Lothrop, who assigned the same to Welcome Howard ; but neither Wilmarth nor his assigns ever took possession of the estate for the purpose of foreclosure, otherwise than is hereinafter stated.

The defendant failing to pay the debt, Howard duly advertised the mortgaged estate for sale, and sold the same, by the consent of said Ames, at public auction, in December, 1839, pursuant to the terms of said mortgage, to James Sproat, and conveyed the same to him. Sproat, on the 21st of January, 1840, conveyed the estate to the plaintiff, who, on the 24th day of the same month, gave the defendant notice in writing to quit the same. The plaintiff immediately afterwards took possession of said estate, except the dwellinghouse claimed in the writ, and standing on the premises, and in the latter part of March, 1840, attempted to take possession of said house ; but the de-

Kinsley v. Ames.

fendant resisted the plaintiff in a violent manner, and threatened to take the plaintiff's life, if he should attempt to take possession.

This action was commenced on the 4th of April, 1840.

The defendant contends that he should have had three months' notice to quit, before the commencement of any action against him, and also that the writ should have been a writ of entry, and not a writ of forcible entry and detainer.

Defendant to be defaulted, or plaintiff to become nonsuit, according to the opinion of the court on the foregoing facts.

*W. Baylies*, for the plaintiff. This action is given by Rev. Sts. *c.* 104, §§ 2, 4, and the facts show that the house was unlawfully held by force. *Commonwealth* v. *Dudley*, 10 Mass. 403. 1 Russell on Crimes, (1st ed.) 415. 417.

It is admitted that if the defendant was tenant at will, he was entitled to notice, and this action cannot be maintained. Rev. Sts. *c.* 60, § 26. 4 Kent Com. (3d ed.) 112–115. But the defendant was tenant at sufferance only, and therefore not entitled to notice. Such tenant was purposely omitted in the statute. See the commissioners' note to Rev. Sts. *c.* 60, § 26. See also *Eaton* v. *Whiting*, 3 Pick. 490. 4 Kent Com (3d ed.) 146–148. *Moss* v. *Gallimore*, 1 Doug. 279.

*E. Ames*, for the defendant.

SHAW, C. J. It does not appear distinctly how this process of forcible entry and detainer, under Rev. Sts. *c.* 104, § 2, which must have commenced before a justice of the peace, comes before this court; but we presume it was done pursuant to the provisions of § 9, by which it is directed, that when it appears before the justice, that the title to the freehold is brought in question, the cause shall be transferred, without trial, to the court of common pleas, and then it is open to an appeal to this court.

The question then is, whether this process lies, under the circumstances stated in the case, without notice to quit. It is clear that the sale of the mortgaged estate, being made in pursuance of a valid power given by the owner, vested in the purchaser an estate in fee, free from the original condition, and from

any right of redemption ; and this estate passed by mesne conveyances to the plaintiff. The absolute right of property drew after it the right of possession, and an entry upon part, by the plaintiff, and a forcible resistance by the defendant, constituted a forcible detainer of the residue. Formerly some doubt was entertained, whether there must not be a forcible entry as well as a forcible detainer, to lay the foundation of this process. But this is now rendered clear, by the statute, which gives this process, either when any forcible entry shall be made, or when an entry shall be made in a peaceable manner, and the possession shall be unlawfully held by force. Here it was so forcibly held, and whether it was unlawful depends on the question, whether the defendant was entitled to notice to quit.

It is obvious that the defendant was a tenant at sufferance. His original entry was lawful, but after a sale and the entry of the purchaser, he had a mere naked possession, without any right or interest whatever.

By *St.* 1825, *c.* 89, § 4, commonly called the landlord and tenant act, tenants at sufferance and tenants at will were put on the same footing in regard to notice ; and it was provided that such tenancies might be terminated by either party, by three months' notice, with some modification where the rent was payable more frequently than quarterly. But the Rev. Sts. *c.* 60, § 26, which provide that estates *at will* may be determined by three months' notice, designedly omit tenancies at sufferance, because, as the commissioners say in their note to this section, so long as the party continues to be a mere tenant at sufferance, his estate is, and ought to be, determinable at any moment, at the pleasure of the landlord. The defendant therefore was not entitled to notice to quit. He was precisely within the provision of the statute, which gives the process when the possession of lands or tenements is unlawfully held by force.

*Defendant defaulted.*